UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN W. BURNS, JR., <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, STATE FARM LIFE INSURANCE COMPANY, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, <br><br> Defendants. | Case No. 25-2190-JAR-GEB |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPALAINT (ECF No. 14)**

This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 14). After reviewing Plaintiff's Memorandum in Support (ECF No. 15) and Defendants' Response (ECF No. 22) the Court **GRANTS** Plaintiff's Motion **(ECF No. 14)** for the reasons outlined below.

**I.      Background[1]**

This case arose out of an "employment relationship" between Plaintiff and Defendants, where Plaintiff worked as an insurance agent for over five years. The Action was filed by Plaintiff on February 10, 2025 in the Johnson County, Kansas District Court,

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Amended Petition (ECF No. 1-2) and proposed Second Amended Complaint (ECF No. 14-2). This background information should not be construed as judicial findings or factual determinations.

1

and removed to federal court on April 10, 2025 when Plaintiff filed an Amended Petition (ECF No. 1-2).

In his initial Complaint, Plaintiff alleges his relationship with Defendants was terminated after he expressed concerns about the legal protections he had under Kansas state law related to his insurance benefits and payment on current life insurance policies. Defendants responded on April 24, 2025 with a Motion to Dismiss for Failure to State a Claim (ECF No. 10) arguing Plaintiff failed to allege wrongful termination based on retaliation in violation of public policy because Plaintiff's "Agent's Agreement" establishes Plaintiff was an independent contractor with the Defendants and Kansas does not recognize a claim for wrongful termination in violation of public policy for independent contractors.

Approximately a month later, on May 22, 2025, Plaintiff filed the instant Motion for Leave to File Second Amended Complaint seeking to add additional details concerning the nature of the employment relationship between he and the Defendants, as well as establish a basis for his retaliation claim under the applicable life insurance statute, K.S.A. 40-447 (ECF No. 14-2). Defendants oppose the amendment on the basis that the "Agent's Agreement" contract expressly determines their employment relationship with Plaintiff was that of an independent contractor, and no Kansas Court has yet recognized K.S.A. 40-447 as the basis for a retaliatory discharge claim (ECF No. 22 at 8, 10-11). Plaintiff filed no reply, and the motion is ripe for determination.

## II.     Legal Standard

The standard for permitting a party to amend his pleadings is well established. A party may amend a pleading as a matter of course under Fed. R. Civ. P. 15(a)(1), either before the responding party answers or within 21 days after service of a responsive pleading. However, in cases such as this, where the time to amend as a matter of course has passed without the opposing party's consent, a party may amend its pleading only by leave of the court under Rule 15(a)(2) which provides leave "shall be freely given when justice so requires."

The decision to grant or deny leave to amend is within the sound discretion of the Court.[2] And, "[I]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."[3] "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[4] But futility of amendment can be adequate justification to deny leave to amend.[5] A court is "justified in denying the motion to amend if the

---

[2] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[3] *Id.*
[4] *Id.*
[5] *Schepp v. Fremont Cnty.,* 900 F.2d 1448, 1451 (10th Cir. 1990) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim."[6]

Defendants' response brief only addresses futility as the basis to deny amendment, so the Court does not feel inclined to analyze the additional factors. As the parties know, the timing of the filing of this Motion is also proper where the Court has yet to enter a Scheduling Order. But Defendants contend Plaintiff's Second Amended Complaint is futile where Plaintiff was: 1) not employed-at-will with Defendants; 2) the employment relationship was governed by an express contract; and 3) the Amended Complaint cannot withstand a motion to dismiss under Rule 12(b)(6) because Courts in Kansas have yet to recognize a public policy retaliatory discharge claim to include K.S.A. 40-447.[7]

In support of their argument, Defendants attached the "Agent's Agreement"[8] they argue is incorporated by reference in Plaintiff's Complaint contending Plaintiff is an independent contractor and thus, not able to pursue a common-law claim for wrongful termination.[9] Also, according to Defendants, if the Court were to allow amendment here, the Court would improperly expand the categories of rules, regulations, and laws that are recognized grounds for Kansas public policy retaliatory discharge.[10]

In considering futility, this Court adopts the same analysis governing a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim,[11] in that, the Court will deny an

---

[6] *Id.*
[7] ECF No. 22.
[8] ECF No. 22-1.
[9] ECF No. 22 at 9-11.
[10] *Id.* at 8-9.
[11] *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007).

amendment on the basis of futility only when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the Court determines the plaintiff has not presented a claim for relief that is plausible on its' face.[12] An amended complaint need only make a statement of the claim and provide some factual support to withstand dismissal.[13] It does not matter how likely or unlikely the party is to actually receive such relief, because, for the purposes of dismissal, all allegations are considered to be true.[14]

The party opposing the proposed amendment bears the burden of establishing its' futility.[15] And magistrate judges in this District have often found it is more efficient in some cases to permit amendment and decline to decide the motion on futility grounds, because it is a more thorough avenue to address the dispositive arguments at other procedural junctures, like pending motions to dismiss or summary judgment.[16] Like these

---

[12] *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[13] *See Twombly*, 550 U.S. at 555.
[14] *See Id*. at 556.
[15] *See Eagle v. USA Dent Co., LLC*, No. 20-1146-JWB, 2022 WL 17903796, at *2 (D. Kan. Dec. 23, 2022) (explaining that the party opposing an amendment on futility grounds bears the burden of establishing futility); *Litton v. Maverick Paper Co*., 354 F. Supp. 2d 1209, 1218 (D. Kan. 2005).
[16] *See Kramer v. Textron Aviation, Inc.*, No. 20-2341-HLT, 2022 WL 218750, at *7 (D. Kan. Jan. 25, 2022) (Birzer, J.) (finding the issue of futility was better decided by the district judge on a dispositive motion where little authority existed on the application of the GARA exception to this specific factual scenario); *JP Morgan Tr. Co. v. Mid-Am. Pipeline Co.*, No. 05-2231-JWL, 2007 WL 9724124, at *3 (D. Kan. Apr. 2, 2007) (O'Hara, J.) (finding the plaintiff's proposed amendments were not clearly futile and more appropriately resolved by the district judge in the context of a motion for summary judgment or by way of a motion to dismiss); *Prater v. Johnson Cnty. Cmty College*, No. 23-2572-EFM, 2024 WL 3043158, at *4 (D. Kan. June 18, 2024) (James, J.) (finding Plaintiff should be allowed amendment to assert the additional factual allegations supporting his previously pled claims and two new retaliation claims where Defendants will suffer no undue prejudice from allowing the amendment, other than the necessity of revising and refiling any motions to dismiss).

cases, the Court finds here the issue of futility is presumably better decided by the District Judge via dispositive motion, especially where Defendants are asking the Court to rule for the first time in this District that K.S.A. 40-447 is inapplicable to Kansas public policy retaliation claims.[17] Both parties, and the Court, agree that where this Court sits in diversity jurisdiction for this matter and substantive law is invoked, the laws of the State of Kansas are applicable to Plaintiff's retaliatory discharge claim.[18]

## II. Analysis

The Court declines to find Plaintiff's proposed amendment futile at this time. Defendants have not met the burden to show Plaintiff cannot prove *any* set of facts which would entitle him to relief. Taking the facts pled in Plaintiff's Second Amended Complaint as true, and construing them in the light most favorable to him, Plaintiff pleads he was an employee of Defendants for purposes of asserting a retaliatory discharge claim. Thus, justice requires he should be afforded the opportunity to plead an employment relationship, as well as isolate any public policy in support of his retaliatory discharge claim.

It should be noted, that retaliatory discharge claims under Kansas law require plaintiffs to demonstrate either: 1) Kansas Courts have recognized their retaliatory discharge claims as exceptions to its employment-at-will doctrine; or 2) Kansas public policy protects the conduct on which their retaliatory discharge claims are based and they

---

[17] *See Prater*, 2024 WL 3043158, at *3.
[18] *Ragsdale v. Amsted Rail Co., Inc.*, No. 13-2257-EFM, 2013 WL 6729788, at *2 (D. Kan. Dec. 19, 2013) (citing *Royal Maccabees Life Ins. Co. v. Choren*, 393 F.3d 1175, 1180 (10th Cir.2005)).

have no alternative state or federal remedy.[19] That said, while Defendants are correct this common-law doctrine is a narrow exception to employment-at-will in Kansas,[20] and the agreement *may* establish an express independent contractor relationship, when taking Plaintiff's contentions he was in fact an employee of Defendants as true, the Court cannot find Plaintiff's employment-at-will based claim is futile. Defendants' contention that Plaintiff is an independent contractor per their attached agreement does not in and of itself establish futility.

Defendants plea for the Court to analyze the "Agent's Agreement" they indicate is incorporated by reference in Plaintiff's complaint, alleging it requires the conclusion Plaintiff was an independent contractor with Defendants.[21] While the Court may consider documents incorporated by refence in the complaint that are central to a plaintiff's claim,[22] here the "Agent's Agreement" was neither attached to Plaintiff's pleadings, nor does Plaintiff contend any such "Agent's Agreement" is authentic in his pleadings, thereby establishing their employment relationship as that of an independent contractor. Courts in this district generally confine their futility analysis to a Fed. R. Civ. P. 12(b)(6) analysis—as opposed to a Fed. R. Civ. P. 56 summary judgment analysis—and do not typically

---

[19] *See Litton*, 354 F. Supp. 2d at 1216 (citing *Harris v. Bd. of Pub. Util. of Kansas City, Kan.*, 757 F. Supp. 1185, 1194 (D.Kan.1991)).
[20] *See Id.* (citing *Riddle v. Wal–Mart Stores, Inc.*, 27 Kan.App.2d 79, 85, 998 P.2d 114, 119 (2000)).
[21] ECF No. 22 at 2-4.
[22] *See Croyder v. Hetley*, No. 16-2761-JAR, 2017 WL 2958452, at *4 (D. Kan. July 11, 2017) ("[C]ourts at the motion to dismiss stage (or in analyzing whether a proposed amended complaint is futile) 'may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'") (citation omitted).

examine evidence or affidavits, outside the pleadings, when determining futility.[23] Even if the Court made the necessary determination to consider the contract outside of the pleadings for the sake of this motion, Kansas Courts have previously found the allegation of an express contract is not the end of an analysis for establishing an employment relationship.[24] Thus, the existence of this "Agent's Agreement" alone does not make Plaintiff's proposed amendment to assert facts outside of the contract in support of an employment-at-will relationship futile.

---

[23] *See BAC Loc. Union 15 Welfare Fund v. Williams Restoration Co., Inc.*, No. 16-2242-KHV, 2018 WL 5311861, at *7 (D. Kan. Oct. 26, 2018); *Szczygiel v. Kansas*, No. 14-3011-EFM, 2015 WL 630570, at *3, n. 23 (D. Kan. Feb. 12, 2015); *Walker v. Axalta Coating Sys., LLC*, No. 14-2105-JAR, 2015 WL 685834, at *3 (D. Kan. Feb. 18, 2015) (finding the issue of punitive damages more appropriately addressed at a later stage in the case by the presiding U.S. District Judge).

[24] Kansas has historically followed the common-law doctrine of employment-at-will. *Anglemyer v. Hamilton County Hosp.*, 58 F.3d 533, 537 (10th Cir.1995). But where a party claims an express employment contract exists, the Court must first make a finding the document constitutes an express contract for employment. *Lierz v. Coca Cola Enterprises, Inc.*, 36 F. Supp. 2d 1295, 1302 (D. Kan. 1999). Express employment contracts must meet certain terms to overcome the presumption of employment-at-will. *See Gooch v. Meadowbrook Healthcare Servs.*, No. 95–3075, 1996 WL 67193, at *5 (10th Cir. Feb. 16, 1996) (finding no statements regarding duration of employment or limits on termination in contract mean there was no express contract for employment); *Reams v. City of Frontenac, Kan*., 587 F. Supp. 3d 1082, 1095 (D. Kan. 2022) (citing *Robert v. Bd. of Cnty. Comm'rs*, 691 F.3d 1211, 1220 (10th Cir. 2012) ("a written contract must expressly fix the duration of employment or otherwise limit the employer's liability to discharge the employee"); *Smith v. Highland Community College*, No. 22-2048-JAR, 2023 WL 372016, at *6 (D. Kan. Jan. 24, 2023) ("the duration of employment must be expressly fixed; the contract must not simply specify the length of employment, but also limit in some way the employer's ability to discharge"). In the absence of a valid express employment contract, the Court then determines if there is an implied contract based on the intent of the parties, divined from the totality of the circumstances. *Anglemyer*, 58 F.3d at 537. Whether an implied contract for employment exists is generally a question of fact for the jury. *See Morriss v. Coleman Co.*, 241 Kan. 501, 512, 738 P.2d 841 (1987). For claims involving a potential independent contractor, the Court considers multiple additional factors regarding the structure of the employment relationship. *See Craig v. FedEx Ground Package System, Inc.*, 335 P.3d 66, 76 (Kan. 2014) (outlining 20–factor test); *McCubbin v. Walker*, 256 Kan. 276, 281, 886 P.2d 790 (1994) (considering length of contract, independent nature of business, and method of payment); *Wallis v. Sec. of Kansas Dept. of Human Resources*, 689 P.2d 787, 794 (Kan. 1984) (considering right to discharge, furnishing equipment, and method of payment).

Further, futility is not established by Defendants' argument that no Kansas court has yet recognized K.S.A. 40-447 as applicable to Kansas public policy retaliation claims. And the undersigned is not inclined to improperly expand any categories of rules, regulations, and laws currently recognized in Kansas *merely* by allowing Plaintiff to amend their claim. Where there is no Kansas case law establishing K.S.A. 40-447 cannot form the basis of a retaliatory discharge claim under Kansas law, Defendants have not established Plaintiff's amendment is futile, by, in essence, asking the Court to hold for the first time in this District K.S.A. 40-447 is inapplicable to Kansas public policy retaliatory discharge claims. The undersigned believes this request to be improper under a Fed. R. Civ. P. 15 standard while considering Plaintiff's Motion for Leave to Amend. Defendants' public policy arguments against amendment are dispositive of any future retaliatory discharge claims based on K.S.A. 40-447, not based on the futility of claims already brought under the statute, and best addressed in later dispositive arguments.

Where Defendants have not established amendment to add facts describing the employment relationship and establishing a basis for a retaliation in violation of public policy claim under the applicable life insurance statute, K.S.A. 40-447, is futile, Plaintiff's request for amendment should proceed. Pursuant to Fed. R. Civ. P. 15(a)(2)'s mandate that the Court freely give leave to amend "when justice so requires," the Court grants Plaintiff's request for leave to file their proposed Second Amended Complaint.

**IT IS THEREFORE ORDERED**. Plaintiff's Motion for Leave to File Second Amended Complaint **(ECF No. 14)** is **GRANTED**. Plaintiff shall file the Second Amended Complaint within five days of this order.

**IT IS SO ORDERED.**

Dated October 14, 2025, at Wichita, Kansas.

s/ Gwynne E. Birzer<br>
GWYNNE E. BIRZER<br>
U.S. Magistrate Judge